# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00289-JCM-PAL |
| Plaintiff, | **AMENDED ORDER**[1] |
| vs. | (Mtn to Dismiss - Dkt. #43) |
| TYRONE DAVIS, | |
| Defendant. | |

This matter is before the court on Defendant Tyrone Davis' Motion to Dismiss Counsel and Appoint New Counsel (Dkt. #43) filed pro se on August 23, 2013. The court has considered the Motion.

A federal grand jury returned an Indictment (Dkt. #1) on August 7, 2012, charging Davis with one count of possession of a firearm by a convicted felon, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and use of possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). Davis made an initial appearance, was arraigned on the Indictment, and the federal public defender was appointed to represent him on August 17, 2012. *See* Minutes of Proceedings (Dkt. #11). He was detained pending trial. *See* Order of Detention (Dkt. #13). Trial in this matter is currently set for September 9, 2013. *See* Order to Continue (Dkt. #38).

Defense counsel filed a Sealed Ex Parte Motion to Withdraw as Counsel (Dkt. #15) on September 13, 2012. On September 25, 2012, the court held a hearing on the Motion. *See* Minutes of Proceedings (Dkt. #15). After hearing from defense counsel in a sealed ex parte hearing, the court granted Defendant's Motion and appointed attorney Karen Connelly to represent Davis. *Id.*; *see also*

---

[1] This Amended Order corrects typographical errors in the dates on line 25.

Order (Dkt. #19). On December 11, 2012, Ms. Connelly filed a Motion to Withdraw as Counsel (Dkt. #24). The court held a hearing on the Motion on December 21, 2012. *See* Minutes of Proceedings (Dkt. #25). After hearing from the government and defense counsel, the court allowed attorney Connelly to withdraw from further representation of Davis. *Id.* Later that day, attorney Todd Leventhal was appointed to represent Davis. *See* Minutes of Proceedings (Dkt. #27). On July 2, 2013, Defendant filed yet another Motion for Appointment of Counsel (Dkt. #39). The court held a hearing on the Motion on July 23, 2013. *See* Minutes of Proceedings (Dkt. #41).

The instant Motion is Davis' fourth motion for new counsel. Davis states he is dissatisfied that Mr. Leventhal did not file a reply in support of the Motion to Suppress (Dkt. #31). Davis also asserts counsel has not been truthful about the contents and dates of filing the pretrial motions in this matter. Additionally, Davis wants counsel to allow him to review pretrial motions before they are filed, but Mr. Leventhal has not done so. Davis once again wants the court to appoint him new counsel.

Davis' newest "dispute" with counsel is essentially a repetitive attempt to dictate Mr. Leventhal's tactical and strategic decisions in how to defend this case. The Sixth Amendment guarantees a criminal defendant competent, conflict-free counsel. *See Morris v. Slappy,* 461 U.S. 1, 13-14 (1983); *Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc). It does not guarantee a defendant a "meaningful relationship" with his attorney. *Id.* Tactical or strategic legal decisions are reserved to the judgment of the attorney and not the client. *See Schell v. Witek,* 218 F.3d 1017, 1026 n.8 (9th Cir. 2000) (en banc) (a dispute between an attorney and a client over tactical decisions does not implicate the Sixth Amendment) (citing *Brookhart v. Janis,* 348 U.S. 1, 8 (1996) (concurring opinion) for the proposition that a lawyer may properly make a tactical determination of how to run a case even in the face of his client's incomprehension of explicit disapproval).

The court has carefully canvassed Davis regarding his concerns about Mr. Leventhal's representation and explained what decisions are his to make and what decisions a trained legal professional makes in defending a criminal case. Davis is and has been dissatisfied with the legal advice he has received from all three of the lawyers appointed to represent him because they will not tell him what he wants to hear or file whatever he wants filed.

Accordingly,

**IT IS ORDERED** that Davis' Motion to Dismiss Counsel (Dkt. #43) is DENIED.

Dated this 20th day of August, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE